UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHHANDA SAMADDAR,

       Plaintiff,                           CIVIL ACTION NO. 09-14750

       v.                                DISTRICT JUDGE NANCY G. EDMUNDS

DETROIT PUBLIC SCHOOLS,          MAGISTRATE JUDGE MARK A. RANDON

       Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (DKT. NO. 19) AND
ON PLAINTIFF'S REQUEST FOR DISMISSAL (DKT. NO. 18)**

This matter is before the Court on Defendant Detroit Public School's (Defendant) motion for summary judgment (Dkt. No. 19) and Plaintiff Chhanda Samaddar's (Plaintiff) request for a voluntary dismissal, without prejudice (Dkt. No. 18). These motions were referred to the undersigned for report and recommendation (Dkt. Nos. 20 & 21). The undersigned held a hearing on April 5, 2011. Defendant's counsel appeared at the hearing, however, Plaintiff (acting *pro se*) did not appear at the hearing, despite being sent a notice to appear (Dkt. No. 23).[1] For the reasons indicated below, it is **RECOMMENDED** that Defendant's motion for summary judgment be **GRANTED**, that Plaintiff's request for a voluntary dismissal without prejudice be **DENIED** and that Plaintiff's lawsuit be **DISMISSED, WITH PREJUDICE**.

---

[1] Chambers staff mailed a hearing notice (Dkt. No. 23) to Plaintiff in the same envelope as an order requiring a response (Dkt. No. 22) to Defendant's motion for summary judgment. There is no doubt that Plaintiff received the order requiring a response to Defendant's motion for summary judgment, as Plaintiff called chambers staff to discuss that order. It is thus reasonable to conclude that Plaintiff also received the hearing notice.

I. **FACTUAL BACKGROUND**

Plaintiff, who is of Indian origin, was employed as a substitute teacher for the Detroit Public Schools (Dkt. No. 1; Compl). Plaintiff's complaint is on a pre-printed form with spaces to "fill-in the blanks" (*Id.*). On the complaint form, Plaintiff had the option of choosing between six protected categories as the basis of her discrimination claim – race, color, gender, age, national origin, disability (*Id.*). Plaintiff did not check of any of these six categories, but rather circled the word "other" (*Id.* ¶ 10).

A copy of Plaintiff's charge to the EEOC is attached to her Complaint. In the EEOC charge Plaintiff cites "national origin" as the basis of her claim for discrimination (Dkt. No. 1; Ex. 2). Plaintiff then identifies Cynthia Cockrel as the person responsible for the following discriminatory conduct – on March 9, 2009 Ms. Cockrel "recommended termination," on September 27, 2007 "withheld assignment," and on unspecified dates Ms. Cockrel "consistently fostered a hostile work environment. She has stated there is no need for me to work for DPS. Has withheld work assignment, has inhibited my receipt of benefits and harassed me on her days of observation. Now her recommendation is that I will not be able to teach under any school district, nor be eligible for certification" (*Id.*).

Defendant attached an affidavit from Ms. Cockrel to its motion for summary judgment (Dkt. No. 19; Ex. 3). In this affidavit, Ms. Cockrel testifies that Plaintiff was terminated for violating MCL § 380.1312 (which prohibits corporal punishment in public schools) and for violation of DPS Work Rule #9, which states "employees must not commit an act which might endanger the safety or lives of others" (*Id.* ¶ 5-6).

Ms. Cockrel was employed as a Program Supervisor for Detroit Public Schools in March of 2009 (*Id.* ¶ 2). Her job duties included conducting disciplinary hearings, and making disciplinary recommendations, pertaining to the conduct of substitute teachers (*Id.* ¶ 3). Ms. Cockrel conducted a disciplinary hearing for Plaintiff, a substitute teacher, on March 13, 2009 (*Id.* ¶ 4), at which Plaintiff was represented by a union representative (*Id.* ¶ 13). During the hearing, evidence was presented that Plaintiff slapped an 8th grade student in the face on March 3, 2009 (*Id.* ¶ 7). Plaintiff's own written statements indicated that, in response to a student snatching a piece of paper from her hand, "at the spur of the moment, my automatic reaction/reflex I lightly touched his cheek" and "[t]he whole class jumped and said I slapped the student. I indeed touched his cheek, but not hard" (*Id.* ¶ 8). Other students testified during the hearing that Plaintiff "slapped Khalil in the mouth" and "slapped Khalil hard that was not soft and you could hear it across the room" and "[a]t this time [Plaintiff's] back was to me. But, I saw her pull her hand back then I heard the slap" (*Id.* ¶ 9-11). The student, Khalil, referring to Plaintiff, stated "she slapped me" (*Id.* ¶ 12). Plaintiff does not dispute that these statements were made during the hearing.

Based on the foregoing, Ms. Cockrel made a finding that Plaintiff had failed to perform the essential duties and responsibilities for the position of substitute teacher, in that she failed to maintain classroom management and control (*Id.* ¶ 14-15). Ms. Cockrel sustained the charge of use of corporal punishment, and also sustained the charge of violation of DPS Work Rule #9 (*Id.*). Ms. Cockrel therefore recommended that Plaintiff be terminated, and as a direct result Plaintiff was terminated (*Id.* ¶ 16).

## II. SUMMARY JUDGMENT STANDARD

A motion for summary judgment should be granted if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be proven or is genuinely disputed must support the assertion by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). The party seeking summary judgment has the initial burden of informing the Court of the basis for its motion, and identifying where to look in the record for relevant facts "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If the opposing party fails to raise genuine issues of fact and the record indicates the moving party is entitled to judgment as a matter of law, the court shall grant summary judgment. *See Anderson*, 477 U.S. at 250.

The court must view the evidence and draw all reasonable inferences in favor of the nonmoving party and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The party opposing the motion may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989). A party opposing a motion for summary

judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

### III. PLAINTIFF'S REQUEST FOR VOLUNTARY DISMISSAL

Plaintiff's request for a voluntary dismissal without prejudice is governed by Rule 41(a)(2). Plaintiff is not automatically entitled to a dismissal without prejudice pursuant to Rule 41(a)(1) since Defendant has filed an answer and a motion for summary judgment. Rule 41(a)(2) reads in pertinent part that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). As set forth below, the undersigned finds that Defendant is entitled to summary judgment in its favor. As such, it is recommended that Plaintiff's request for a dismissal without prejudice be denied, and that this matter instead be dismissed with prejudice.

### IV. ANALYSIS

Title VII prohibits employers from discharging or otherwise discriminating against an employee on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2. A plaintiff may establish a prima facie case under Title VII by presenting direct evidence of discrimination or by presenting circumstantial evidence satisfying the *McDonnell-Douglas* burden-shifting paradigm. *See, e.g., Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 348 (6th Cir. 1997). Plaintiff does not present direct evidence of discrimination here. Accordingly, Plaintiff must proceed by satisfying the following elements: "(1) that she is a member of a protected group; (2) that she was subject to an adverse employment action; (3) that she was qualified for the position from which she was fired; and (4) that she was treated differently than employees

outside of the protected class for the same or similar conduct." *Singfield v. Akron Metro. Housing Auth*., 389 F.3d 555, 561 (6th Cir. 2004) (citations omitted). "[T]o be deemed 'similarly-situated,' the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Mitchell v. Toledo Hosp*., 964 F.2d 577, 583 (6th Cir. 1992).

If Plaintiff establishes a *prima facie* case of discrimination, the burden of production shifts to Defendant to articulate a legitimate, nondiscriminatory reason for its actions. Once Defendant does so, Plaintiff may survive a motion for summary judgment by showing that Defendant's reason is not the true reason, but instead a pretext for intentional discrimination. To establish such pretext, a plaintiff must show "either (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate [her] discharge, or (3) that they were insufficient to motivate discharge." *Russell v. University of Toledo*, 537 F.3d 596, 604 (6th Cir. 2008) (quoting *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994)).

Plaintiff has not established a *prima facie* case of discrimination because she has not identified any similarly situated individuals who were treated more favorably than she was. Indeed, Plaintiff's response (Dkt. No. 24) to Defendant's motion for summary judgment does not name a single person that Plaintiff claims is similarly situated to her. This omission is fatal to Plaintiff's *prima facie* case of national origin discrimination. Defendant is, thus, entitled to summary judgment in its favor.

Furthermore, even if Plaintiff did establish a *prima facie* case, she has not shown that Defendant's proffered legitimate, non-discriminatory reason for her discharge (*i.e.*, slapping a student) was a mere pretext for discrimination. Indeed, Defendant states that Plaintiff was terminated for violating MCL § 380.1312, which strictly prohibits corporal punishment in public schools (Dkt. No. 19; Ex. 3). Plaintiff's response to Defendant's motion for summary judgment takes issue with Defendant's conclusions about the interaction between Plaintiff and the student in question, Khalil. In brief, Plaintiff argues that Khalil was disruptive and threatening to her and that she struck Khalil reflexively in self-defense (Dkt. No. 24 at 1). Plaintiff does not dispute, however, that there was physical contact between her and Khalil. Nor does Plaintiff argue that her termination was related to her national origin. In sum, Defendant has established a legitimate, non-discriminatory reason for Plaintiff's discharge; Plaintiff has simply failed to present any evidence that Defendant's reason for terminating Plaintiff was motivated by something other than her interaction with Khalil.

## IV. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that Defendant's motion for summary judgment be **GRANTED**, that Plaintiff's request for a dismissal without prejudice be **DENIED** and that this case be **DISMISSED, WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v.*

*Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon<br>
MARK A. RANDON<br>
UNITED STATES MAGISTRATE JUDGE

Dated: April 8, 2011

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 8, 2011.

s/Barbara M. Radke<br>
*Judicial Assistant to Magistrate Judge Mark A. Randon*<br>
*(313) 234-5540*

**Copy mailed to:**

Ms. Chhanda Samaddar
6031 Hearthside
Troy, MI 48098